**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230733-U

Order filed February 19, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0733 Circuit No. 22-CM-1810 |
| | ) | |
| MELISSA A. DA COSTA, | ) ) | Honorable Paul A. Marchese, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   There was sufficient evidence to convict defendant.

¶ 2      Defendant, Melissa A. Da Costa, appeals from her conviction for harassment by telephone. Defendant argues that there was insufficient evidence to prove her guilty beyond a reasonable doubt. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Defendant was charged by information with three counts of harassment by telephone (720 ILCS 5/26.5-2(a)(2) (West 2022)), and one count of disorderly conduct (*id.* § 26-1(a)(1)). Relevant to this appeal, count one alleges that defendant called and threatened Anjali Aurora on November 22, 2022.[1]

¶ 5        The case proceeded to a bench trial on May 15, 2023, where defendant elected to proceed *pro se*. Aurora testified she and defendant were married from 2017 until their divorce in 2019. Aurora testified the divorce was difficult and involved a lot of emotions and arguing. Eventually, Aurora blocked defendant's phone number. Defendant continued to attempt to contact Aurora. Defendant would sometimes make "75 calls a day." Aurora was forced to turn off her cell phone due to the volume of calls.

¶ 6        On November 22, 2022, Aurora received a phone call from an unknown number. Aurora believed the call was from defendant because it was late in the evening and defendant often called or text messaged later in the evening from unknown numbers. When Aurora answered the call, she recognized defendant's voice. During the conversation, defendant threatened to "shoot [Aurora] in the head." Aurora addressed defendant by her name during the call. After the call, Aurora drove to the police department because she was afraid. She submitted a personal statement and screenshots from her cell phone of a text message conversation between defendant and Aurora. One screenshot showed defendant text messaging Aurora, "you gone be sorry one day soon." Defendant also text messaged a photograph of a money clip and gun, and another photograph of Aurora's green card. Only defendant and Aurora's parents would have had access to her green

---

[1]Defendant was also found guilty of disorderly conduct (count 2) but does not raise any arguments regarding that finding and defendant was found not guilty of two additional counts of harassment by telephone (counts 3 and 4).

card. The screenshots between Aurora and defendant were admitted into evidence. Defendant called Aurora again at approximately 4 a.m. on November 23, 2022, to apologize for threatening to shoot her.

¶ 7 Defendant presented testimony from Andrea Acosta. Acosta testified she and defendant dated on and off for a few years. Aurora called Acosta through the Facebook Messenger application on January 27, 2023. Acosta believed Aurora was concerned for defendant. Aurora asked if Acosta knew defendant's whereabouts. Acosta further testified she never witnessed defendant call or text message Aurora.

¶ 8 Defendant testified the text messages produced by Aurora were fraudulent. She denied text messaging Aurora and believed Aurora was either text messaging herself or had someone else text messaging her.

¶ 9 The court found Aurora credible and found defendant guilty of harassment by telephone as charged in count one. The court stated, "[t]he phone call occurred. The language spoken with regard to the gun threat, shoot her in the head, did occur. And *** Aurora was threatened by that, and the call was made to threaten her." Defendant was sentenced to concurrent terms of two years' court supervision and anger management.

¶ 10 Defendant filed a motion to reconsider. In support of the motion, defendant submitted two affidavits from witnesses defendant intended to call at trial, evidence obtained from AT&T purporting to contradict Aurora's testimony, and evidence the investigating officer did not find any harassment when reviewing defendant's phone. Regarding the new evidence, the court believed it should have been discovered prior to trial and was only not discovered and submitted at trial because of defendant's "complete lack of diligence." The court denied the motion.

¶ 11                                   II. ANALYSIS

¶ 12        On appeal, defendant argues the evidence presented at trial was insufficient to support her convictions. When reviewing a challenge to the sufficiency of the evidence, we review the evidence presented at trial in the light most favorable to the prosecution and determine whether any rational trier of fact could have found defendant guilty beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). We give the State the benefit of all reasonable inferences. *People v. Wheeler*, 226 Ill. 2d 92, 116 (2007). "[A] conviction will be reversed where the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of defendant's guilt." *Id.* at 115.

¶ 13        When considering the sufficiency of the evidence, we will not retry defendant. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009). "[I]n a bench trial, it is for the trial judge, sitting as the trier of fact, to determine the credibility of witnesses, to weigh evidence and draw reasonable inferences therefrom, and to resolve any conflicts in the evidence." *Id.* The circuit court is "in a much better position than are we to determine their credibility and the weight to be accorded their testimony." *Id.* at 229. The testimony of a single witness, if positive and credible, is sufficient to support a conviction. *Id.* at 228. We will not reverse a conviction simply because defendant claims a witness was not credible. *Id.*

¶ 14        To prove defendant's guilt of harassment by telephone, the State was required to prove beyond a reasonable doubt that defendant made a telephone call with the intent to abuse, threaten, or harass any person at the number called. 720 ILCS 5/26.5-2(a)(2) (West 2022). To prove the charge of disorderly conduct, the State was required to prove beyond a reasonable doubt that defendant committed "any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace." *Id.* § 26-1(a)(1).

4

¶ 15        Here, Aurora testified defendant called her on November 22, 2022, and threatened to shoot her in the head. The threat made Aurora afraid for her safety, and she reported the threat to the police. Aurora indicated that she knew the call was from defendant because defendant would call late in the evening from unknown numbers, and she recognized defendant's voice. Aurora even addressed defendant by name during the phone call. This testimony established the necessary elements of the offenses, and the court found it credible. Taking the evidence in the light most favorable to the State, a rational trier of fact could have found defendant guilty beyond a reasonable doubt.

¶ 16        In coming to this conclusion, we decline to consider any evidence which was submitted in support of defendant's motion to reconsider but not presented at trial. "It is axiomatic that the evidence to be reviewed on appeal must be the evidence presented to the fact finder at trial." *People v. Steidl*, 142 Ill. 2d 204, 226 (1991). Further, newly discovered evidence is "evidence that has been discovered since the trial and that the defendant could not have discovered sooner through due diligence." *People v. Ortiz*, 235 Ill. 2d 319, 334 (2009). As the court properly found, the evidence submitted in support of defendant's motion to reconsider existed at the time of trial and could have been timely discovered through due diligence.

¶ 17        We further reject defendant's argument that the evidence was insufficient because the court relied solely upon Aurora's testimony, and the State did not present expert testimony or meta data evidence to establish the phone call to Aurora was from defendant. The State was not obligated to introduce any such evidence to prove the charged offenses. See *People v. Brace*, 2017 IL App (4th) 150388, ¶ 14. "A proper foundation is laid that a witness can identify a defendant's voice if the witness states how she is acquainted with the defendant's voice." *People v. Howell*, 358 Ill. App. 3d 512, 520 (2005). Here, the State established Aurora was defendant's ex-wife. They

5

remained in contact following their divorce, and defendant often called Aurora. It was reasonable for the court to conclude Aurora recognized her ex-wife's voice. The evidence was therefore sufficient to prove defendant's guilt beyond a reasonable doubt and the court did not err in relying upon Aurora's testimony in reaching its determination.

¶ 18                                    III. CONCLUSION

¶ 19          The judgment of the circuit court of Du Page County is affirmed.

¶ 20          Affirmed.